# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Michael Johnson, | ) | Cr. No. 3:09-547 |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Michael Johnson ("Movant"), a prisoner proceeding *pro se*, seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.


## I.  RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Movant was the sole defendant in a two count indictment issued on May 6, 2009.  ECF No. 1.  Movant was charged with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e) (Count 1); and being an addict in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2) (Count 2).  ECF No. 1.  On November 9, 2009, Movant entered a plea of guilty to Count 1 of the indictment before the Honorable Matthew J. Perry, Jr.  ECF Nos. 53,55.  On February 10, 2010, Movant was sentenced as a career offender to 180 months in the Bureau of Prisons followed by a three-year term of supervised release.  ECF No. 65.  Judgment was entered on February 12, 2010.  ECF No. 67.  Movant did not appeal his guilty plea or sentence.  This case was reassigned to the undersigned on February 14, 2012. ECF No. 71.

On July 30, 2012, Movant filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. ECF No. 74.  Movant asserted that he should no longer be deemed an armed career offender in light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011).  The government moved for summary

judgment on August 10, 2012. ECF No. 78. On February 25, 2013, Movant's motion was denied and the Government's motion for summary judgment was granted. ECF No. 83. The court issued an order observing that *Simmons* is not retroactively applicable to cases on collateral review. *See United States v. Powell*, 691 F.3d 554 (4th Cir 2012). Movant did not file an appeal.

Thereafter, Movant filed a motion with the United States Court of Appeals for the Fourth Circuit pursuant to 28 U.S.C. § 2244 requesting an order authorizing this court to consider a successive application for relief under 28 U.S.C. § 2255. On July 14, 2014, the Fourth Circuit denied Movant's motion. ECF No. 89-1. Subsequently, on August 11, 2014,Movant filed a motion to vacate pursuant to 28 U.S.C. § 2255. ECF No. 89. The Government filed a motion to dismiss on September 9, 2014. ECF No. 92. That same day, this court issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Movant of the summary judgment procedure and the possible consequences if he failed to respond adequately. ECF No. 93. Movant did not file a reply to the Government's motion to dismiss.

## II. DISCUSSION

Movant asserts that he is not a career criminal pursuant to the Supreme Court's decision in *Descamps v. United States*, 133 S.Ct. 2276 (2013), which he concludes is retroactively applicable to cases on collateral review. The Government contends that Movant's § 2255 motion should be dismissed as a successive petition. This court agrees.

A successive motion filed under § 2255 must be certified by a panel in the appropriate court of appeals. 28 U.S.C. § 2255(h). A defendant is required to file a motion in the appropriate court of appeals requesting an order authorizing the district court to consider the application. 28 U.S.C.

2

§ 2244(b)(3)(A). Once the motion is filed, a three-judge panel in the appropriate appeals court has thirty days to grant or deny the authorization. *Id.* at § 2244 (b)(3)(C)-(D). The denial of the authorization is not appealable and cannot be the subject for petition for writ of certiorari. *Id.* at § 2244 (b)(3)(E). Here, Movant petitioned the United States Court of Appeals for the Fourth Circuit to obtain authorization to file a second motion pursuant to § 2255 in this court. The Fourth Circuit denied Movant's request. As a result, the Fourth Circuit has not issued an order authorizing this court to consider Movant's successive motion. Therefore, the court is without jurisdiction to review the merits of the motion before the court.

## III. CONCLUSION

Upon careful consideration of the entire record and the arguments of the parties, the court concludes that Movant Michael Johnson's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 should be and is hereby DENIED and DISMISSED. ECF No. 89. The motion to dismiss of the United States of America is hereby GRANTED, and this matter is dismissed with prejudice. ECF No. 92.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Rose v. Lee*, 252 F.3d 676, 683–84

(4th Cir. 2001). The court concludes that Movant has not made the requisite showing. Accordingly, the court **DENIES** a certificate of appealability.

      **IT IS SO ORDERED.**

      /s/ Margaret B. Seymour
      Margaret B. Seymour
      Senior United States District Judge

Columbia, South Carolina
April 30, 2015

4